IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CASIO COMPUTER CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 23-cv-15750<br><br>Judge Charles P. Kocoras |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on CASIO COMPUTER CO., LTD.'s Motion for a Preliminary Injunction, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against Defendant Nos. 1-104 as identified in Schedule A attached hereto (collectively, the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's CASIO TRADEMARKS and DESIGNS (the "CASIO Products").

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this

1

litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has made a *prima facie* showing of trademark and design patent infringement because (1) the CASIO TRADEMARKS and DESIGNS are distinctive marks and designs and are registered with the U.S. Patent and Trademark Office ((U.S. Registration No. 1,041,284 for word mark "CASIO"; Nos. 1,399,344; 4,956,583; 5,517,268; and 6,187,175 for word mark "G-SHOCK") (U.S. Design Patent Nos. D619,909; D658,081; D663,222; D685,666; D724,447; D733,578; D733,602; D742,252; D742,253; D742,763; D776,550; D807,201; D807,202; D817,193; and D820,117)), (2) Defendants are not licensed or authorized to use the CASIO TRADEMARKS and DESIGNS, and (3) Defendants' use of the CASIO TRADEMARKS and DESIGNS are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with CASIO COMPUTER CO., LTD.. Furthermore, Defendants' continued and unauthorized use of the CASIO TRADEMARKS and DESIGNS irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

Accordingly, this Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

a. using Plaintiff's CASIO TRADEMARKS and DESIGNS or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CASIO Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's CASIO TRADEMARKS and DESIGNS;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CASIO Product or other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's CASIO TRADEMARKS and DESIGNS;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's CASIO TRADEMARKS and DESIGNS and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's CASIO TRADEMARKS and DESIGNS or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof; and

  f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell Counterfeit CASIO Products.

2. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, DHgate.com ("DHgate"), eBay.com ("eBay"), Fruugo.com ("Fruugo"), Joom.com ("Joom"), Payoneer.com ("Payoneer"), PayPal.com ("Payoneer"), Walmart.com ("Walmart"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Online Marketplace Accounts, and domain name registrars, shall within three (3) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the CASIO TRADEMARKS and DESIGNS, including any accounts associated with the Defendants listed in Schedule A; and

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the CASIO TRADEMARKS and DESIGNS.

3. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4. DHgate shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any DHgate accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. eBay shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any eBay accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Fruugo shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Fruugo accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Joom shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Joom accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

8. Payoneer shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Payoneer accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9. PayPal shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10. Walmart shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any Walmart accounts connected to the information listed in Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

11. Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website, or by sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Hideyuki Kiuchi and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

12. Plaintiff's Schedule A to the Complaint and the TRO are unsealed.

13. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: December 14, 2023

                                             *Charles P. Kocoras*
                                           The Honorable Charles P. Kocoras
                                           U.S. District Judge

## SCHEDULE A

| No. | Defendant Name / Alias |
|---|---|
| 1 | annapza |
| 2 | auto-topmotor |
| 3 | autosuper-parts |
| 4 | beautifullife88 |
| 5 | chadil4609 |
| 6 | honestdeal99_us |
| 7 | pj-online |
| 8 | skybestshop20-de |
| 9 | wsstore_3 |
| 10 | Shenzhen Diliberto Technology Co., Ltd. |
| 11 | Shenzhen Imoon Technology Co., Ltd. |
| 12 | Shenzhen Weige Technology Co., Ltd. |
| 13 | 4hotseason |
| 14 | 88bar |
| 15 | aarontoolsstore |
| 16 | ain-2805 |
| 17 | aomeitbest |
| 18 | asb* |
| 19 | bacevici75 |
| 20 | baodeal |
| 21 | best-shop25 |
| 22 | ch_463664 |
| 23 | chathkos-0 |
| 24 | cooshow |
| 25 | coua3327 |
| 26 | dealsbest |
| 27 | dealstate |
| 28 | fanmiaomiao_mall |
| 29 | flybuy695 |
| 30 | geekthink3c |
| 31 | geekthinkhalo |
| 32 | geekthinkmelody |
| 33 | geekthinktop |
| 34 | homefuturebest |
| 35 | hope*happy |
| 36 | idsel_52 |
| 37 | karunarathn45 |
| 38 | lahiru_official98 |
| 39 | liorab_store |
| 40 | mercado.mundo-jpn |
| 41 | mobile_spirit |
| 42 | nura_stores |
| 43 | oberywaitnow |
| 44 | pathma_kingstore |
| 45 | peiriscollection |

| | |
|---|---|
| 46 | poshmart41 |
| 47 | rajapakshagekumarara0 |
| 48 | shacor-9215 |
| 49 | shasha_bingo |
| 50 | shedab4 |
| 51 | shiniaoduo |
| 52 | shtqa-0 |
| 53 | spushipping |
| 54 | sr_online_store |
| 55 | starstar007 |
| 56 | tharakadper_0 |
| 57 | thebestock |
| 58 | thisjaya_0 |
| 59 | utopiachoices |
| 60 | vevexiao |
| 61 | volboris |
| 62 | watch_band_store |
| 63 | yngdgg |
| 64 | yy8543 |
| 65 | zhuk12 |
| 66 | zy-tech-wow |
| 67 | amband |
| 68 | SUNSET CUSTOM |
| 69 | Guangzhou Jiahe Department Store Supplies Firm |
| 70 | beautifulyouss |
| 71 | clothing193 Store |
| 72 | cp5i Store |
| 73 | detu Store |
| 74 | diorfashionjewelry Store |
| 75 | dn0j Store |
| 76 | e9in Store |
| 77 | gingermilkk Store |
| 78 | gwof Store |
| 79 | hh0e Store |
| 80 | ijewelry8 Store |
| 81 | jubaiyuan8 Store |
| 82 | lakc Store |
| 83 | lpy8588 Store |
| 84 | ltnp Store |
| 85 | mfol Store |
| 86 | mkn2 Store |
| 87 | mm8n Store |
| 88 | ouyz Store |
| 89 | pegc Store |
| 90 | phs1 Store |
| 91 | pojg5872 Store |
| 92 | qc9y Store |
| 93 | qvgq Store |

| | |
|---|---|
| 94 | shangguanxin Store |
| 95 | topclone_watch Store |
| 96 | torvburcn Store |
| 97 | vo1m Store |
| 98 | watchwatch935 Store |
| 99 | worldsrichest |
| 100 | yswp Store |
| 101 | yuxuanhengbrother Store |
| 102 | Skmei Offical Store |
| 103 | De Xing Yang Store |
| 104 | Fanhongtan |